IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MELVIN CURTIS,**

    **Plaintiff,**

**v.**                                                       Civil Action No.1:17-cv-00039
                                                                   (Judge Kleeh)

**J. CARAWAY, Regional Director;
CHARLES WILLIAMS, ex-Warden;
MICHAEL WEAVER, Health Services
Administrator; REBECCA GROVE,
Assistant Health Service
Administrator; EDDIE ANDERSON, D.O.,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 68]

On March 8, 2017, Melvin Curtis ("Plaintiff") filed a combined Federal Tort Claim Act ("FTCA") action and a <u>Bivens</u>[1] civil rights action [Dkt. No. 1]. On March 8, 2017, a *Notice of General Guidelines for Appearing Pro Se in Federal Court* was issued to Plaintiff [Dkt. No. 5]. The Plaintiff was granted permission to proceed as a pauper on March 15, 2017, and directed to pay an initial partial filing fee ("IPFF") [Dkt. No. 7]. By Order entered June 7, 2017, Plaintiff was notified of the potential consequences of pursuing both a FTCA action and a <u>Bivens</u> civil rights action, and the Clerk of Court provided him with a copy of a court-approved form FTCA complaint [Dkt. No. 12]. On June 16, 2017, the Plaintiff

---

[1] <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

1

elected to proceed with both actions and filed his court-approved FTCA form complaint [Dkt. No. 15, 16]. After the parties made filings on Defendants' substantive motions, and after Plaintiff filed, on August 28, 2018, a letter from an orthopedic surgeon regarding a right shoulder injury [Dkt. No. 65], Magistrate Judge Aloi filed a report and recommendation ("R&R") on January 28, 2019 [Dkt. No. 68]. The R&R recommends that the Court dismiss Plaintiff's Bivens complaint with prejudice, and that the Court dismiss Plaintiff's FTCA complaint without prejudice [*Id.* at p. 45], pursuant to Defendants' *Motion to Dismiss or, Alternatively, for Summary Judgment* [Dkt. No. 49]. The R&R also recommends that the Court deny as moot Defendants' *Motion to Reconsider Order Granting Plaintiff Additional Time to File a Screening Certificate of Merit* [Dkt. No. 63].

In the R&R, Magistrate Judge Aloi also informed the parties of their right to file objections to the recommendations within 14 days of being served with the R&R [Dkt. No. 68 at p. 45]. Plaintiff received the R&R on February 6, 2019 [Dkt. No. 69]. He then moved for an extension of time to file objections to the R&R, by letter request filed on February 11, 2019 [Dkt. No. 70]. Plaintiff requested a 45-day extension of time. Finding good cause, the Court granted the motion and extended the deadline for thirty (30)

days, until Friday, March 22, 2019.[2] Plaintiff received the order granting the 30-day extension of time on February 22, 2019 [Dkt. No. 72]. No objections to the R&R were filed.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objection is addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Upon motion by the Plaintiff, the Court extended the period to file objections by thirty (30) days which expired March 22, 2019. The docket indicates that the Plaintiff accepted service of the R&R on February 6, 2019 [Dkt. No. 69], and of the Court's order extending the date on February 22, 2019 [Dkt. No. 72]. To date, Plainitff has not filed

---

[2] Plaintiff's objections were originally due on February 20, 2019. Thirty days from February 20, 2019, is Friday, March 22, 2019.

3

objections.  Accordingly, this Court will review the R&R for clear error.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the Report and Recommendation [Dkt. No. 68] should be, and is, hereby **ORDERED ADOPTED** for the reasons for fully stated in the magistrate judge's report.

Accordingly, this Court **ORDERS** that Defendants' *Motion to Dismiss or, Alternatively, for Summary Judgment* [Dkt. No. 49] be **GRANTED**, that Plaintiff's Bivens complaint [Dkt. No. 1] be **DISMISSED WITH PREJUDICE**, and that Plaintiff's FTCA complaint [Dkt. No. 16] be **DISMISSED WITHOUT PREJUDICE**, both for the failure to state a claim upon which relief can be granted.

The Court further **ORDERS** that Defendants' *Motion to Reconsider Order Granting Plaintiff Additional Time to File a Screening Certificate of Merit* [Dkt. No. 63] be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Defendants and to **STRIKE** the case from the active docket of this Court.

As a final matter, upon independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the Plaintiff has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the *pro se* Plaintiff, by certified mail, return receipt requested.

DATED: March 25, 2019.

/s/ Tom S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE